444 F.Supp. 87 (1978)
Norris T. PULLEN, Jr., Plaintiff,
v.
GENERAL MOTORS CORPORATION, Lynn E. Woodward, President, J. White, Vice-President, J. Webster, Recording Secretary, Jimmie D. Ward, Treasurer & Financial Secretary, W. Cox, Sergeantat-Armsas representatives of Class of Union Members of United Automobile, Aerospace & Agricultural Implement Workers of America, Local Union # 25, Metropolitan Life Insurance Company, Defendants-Appellees.
No. 77-365C(3).
United States District Court, E. D. Missouri, E. D.
January 5, 1978.
*88 Robison & Blanton, Sikeston, Mo., James J. Sauter, Deeba, DeStefano, Sauter & Herd, St. Louis, Mo., for plaintiff.
James E. McDaniel, Barnard & Baer, St. Louis, Mo., for General Motors Corp.
Gerald Kretmar, Levin & Weinhaus, St. Louis, Mo., for Union # 25, Woodward, Ward, Webster, White & Cox.
P. Terence Crebs, Gallop, Johnson, Godiner, Morganstern & Crebs, St. Louis, Mo., for Metropolitan Life Ins. Co.

MEMORANDUM
NANGLE, District Judge.
This matter is before the Court upon the motions of defendants General Motors Corporation and United Automobile, Aerospace & Agricultural Implement Workers of America, Local Union 25 ["Union"] for summary judgment. Plaintiff brought this suit pursuant to 29 U.S.C. § 185, alleging wrongful discharge in violation of the collective bargaining agreement and breach of the duty of fair representation. Plaintiff seeks an order compelling defendant General Motors Corporation and defendant Union to submit plaintiff's claim to arbitration, or alternatively, declaratory and monetary relief. Plaintiff, claiming to be disabled, does not seek reinstatement. In a second count, plaintiff brings a claim against defendant Metropolitan Life Insurance Company who provided various benefits to employees of defendant General Motors Corporation. Plaintiff alleges that he is totally disabled and is entitled to benefits under the insurance policy "which would have been his had he not been wrongfully discharged". Plaintiff prays for benefits in the amount of $8,082.30.
The motions for summary judgment are premised upon the assertion that plaintiff *89 failed to exhaust his intra-union remedies. Plaintiff alleges in the complaint that:
On May 4, 1972, Plaintiff returned to work at Defendant General Motors Corporation's St. Louis assembly plant with his doctor's return to work report. At that time agents of Defendant General Motors Corporation told Plaintiff that Plaintiff's doctor had released him on April 3, 1972, that he had failed to return to work within three working days of his release by his doctor and that Plaintiff had hereby lost his job. Plaintiff gave said agents his doctor's report, but said agents persisted in maintaining that Plaintiff had lost his job, refused to investigate the truth of said report and wrongfully discharged Plaintiff without cause. Further, Plaintiff asked to have his Union Representative present during his discussion with said agents, but said agents wrongfully refused such request . . ..
. . . . .
On May 4, 1972, Plaintiff called to the attention of Defendant Local Union his wrongful discharge but said Local Union willfully, wantonly and wrongfully failed to take any steps to represent plaintiff or to investigate the facts surrounding plaintiff's discharge and Defendant Local Union wrongfully refused to file a grievance against Defendant General Motors Corporation, the employer. Said local union took no steps whatsoever to represent plaintiff in processing a grievance because of said wrongful discharge.
The law is clear that an employee must attempt to exhaust the established grievance procedure before suit may be instituted. Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). It is also settled that an employee must additionally exhaust intra-union remedies, where available, by which the employee may grieve the union's failure to pursue a grievance with an employer. Aldridge v. Ludwig-Honold Manufacturing Company, 385 F.Supp. 695 (E.D.Pa.1974), aff'd, 517 F.2d 1397 (3d Cir. 1975); Newgent v. Modine Manufacturing Company, 495 F.2d 919 (7th Cir. 1974); White v. Remsco Management, Inc., 91 LRRM 2647 (E.D.Mo.1976); Pickens v. Chrysler Corporation, No. 76-237 C (4) (E.D.Mo.1976). An intra-union grievance remedy did exist herein, and plaintiff failed to exhaust the same.
Plaintiff contends that he could not exhaust the intra-union procedures because said procedures apply only to members and he ceased to be a member as of the date of his discharge, April 6, 1972. Plaintiff's position, however, is contradictory; he must contend that he was a member of the Union after April 6, 1972 in order to assert that the Union owed him a duty of fair representation. While the provision of the Union constitution referring to intra-union remedies does refer to the availability of the same by members, and while the Union has contended herein that plaintiff lost his status as a member on the date of his discharge, plaintiff has not established that the intra-union remedies were unavailable to him, or that any efforts to utilize the remedy procedure would have been futile. Accordingly, the Court concludes that jurisdiction is lacking. Vaca v. Sipes, supra; Aldridge v. Ludwig-Honold Manufacturing Company, supra; White v. Remsco Management, Inc., supra.
Remaining is plaintiff's claim against defendant Metropolitan Life Insurance Company for benefits under an insurance policy covering employees of defendant General Motors Corporation. Plaintiff does not assert any jurisdictional basis for this County but from the pleadings, it would appear that there may be a diversity of citizenship between plaintiff and defendant Metropolitan Life Insurance Company. The prayer, however, is for less than $10,000.00 and accordingly, the Court concludes that there is no jurisdiction pursuant to 28 U.S.C. § 1332. Jurisdiction could also be premised upon the doctrine of pendent jurisdiction. The federal claims, however, will be dismissed for lack of jurisdiction and under these circumstances, the Court is of the opinion that the pendent claim should also be dismissed. United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).
*90 Therefore, the Court will grant the motions of defendants General Motors Corporation and the Union for summary judgment and will dismiss the claim against defendant Metropolitan Life Insurance Company upon its own motion for lack of jurisdiction.